**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 20, 2023

**LETTER TO ALL PARTIES**

RE: *Derrick B. v. Commissioner, Social Security Administration*
Civil No. 22-1405-SAG

Dear Plaintiff and Counsel:

On June 8, 2022, Plaintiff, proceeding *pro se*, filed a complaint in this Court against the Social Security Administration ("SSA" or "Defendant") challenging the SSA's denial of benefits. ECF 1. The SSA filed the Notice of Filing of Official Transcript and Schedule on August 8, 2022. ECF 8. Plaintiff's deadline to submit a motion for summary judgment was October 7, 2022, as reflected on the docket entry. *Id.* Counsel for the SSA certified that Plaintiff was mailed a copy of the schedule, including the October 7, 2022, deadline, on August 9, 2022. ECF 9. On August 16, 2022, Plaintiff filed a supplemental letter to his complaint, "asking [the Court] to look at the parameters of [his] case" and "asking that the details be examined once more." ECF 10, at 1. Magistrate Judge Hurson[1] issued an order on August 19, 2022, directing Plaintiff to file a written response explaining the SSA's error(s) or, "[a]t a minimum," to "indicate that [he] intend[s] to proceed with [his] complaint." ECF 11, at 1. Judge Hurson advised Plaintiff that if he did not do so by October 7, 2022, his complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b). *Id.* To date, Plaintiff has not filed a motion for summary judgment, or otherwise responded to Judge Hurson's Order. Neither has Defendant filed a motion for summary judgment or a motion to dismiss.

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court also possesses "[t]he authority . . . to dismiss [an action] sua sponte for lack of prosecution" as part of its "inherent power." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Before doing so, however, the Court should consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)). "The factors supply a guideline rather than a 'rigid four-prong test.'" *Catherine D. v. Comm'r of Soc. Sec.*, No. DLB-19-1370, 2021 WL 1753568, at *1 (D. Md. May 4, 2021).

---

[1] This case was initially assigned to Magistrate Judge Hurson pursuant to Standing Order 2021-12. ECF 4. Plaintiff was instructed to file a consent or declination to proceed before a U.S. Magistrate Judge by July 8, 2022. *Id.* To date, Plaintiff has failed to file a declination or consent.

*Derrick B. v. Commissioner, Social Security Administration*
Civil No. 22-1405-SAG
January 20, 2023
Page 2

  Considering these factors here, dismissal for lack of prosecution is appropriate.  Plaintiff, as a *pro se* litigant, is personally responsible for prosecuting his case.  Though *pro se* plaintiffs are afforded some leeway, "they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).  Additionally, Plaintiff's failure to prosecute his case causes Defendant prejudice.  Defendant has no notice of the basis for Plaintiff's appeal, thereby preventing Defendant from mounting a defense.  Finally, other sanctions less drastic than dismissal would be of little effect here, as Plaintiff has failed to meet the low bar of giving the Court any "indicat[ion] that [he] intend[s] to proceed with [his] complaint." ECF 11, at 1.  Plaintiff was advised of the October 7, 2022, deadline in writing well in advance.  Three months after the deadline and five months after Judge Hurson's warning that failure to prosecute his case could result in dismissal, Plaintiff has failed to file any motion or otherwise communicate with the Court.  Though there is no evidence of a history of dilatory actions by Plaintiff, the other factors counsel in favor of dismissal.

  For the foregoing reasons, this action is hereby DISMISSED without prejudice.  The clerk is directed to mail a copy of this letter to Plaintiff and CLOSE this case.

  Despite the informal nature of this letter, it should be flagged as an opinion and shall be docketed as such.  A separate implementing Order follows.

            Sincerely yours,

             /s/
            Stephanie A. Gallagher
            United States District Judge